**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**

| | | |
|---|---|---|
| Calvin Jerome Byrd, # 257319 | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | C.A. No.: 3:07-2951-PMD-JRM |
| vs. | ) | |
| | ) | |
| | ) | **ORDER** |
| Director Jon Ozmint, and Robert M. | ) | |
| Stevenson, III, Warden of Perry | ) | |
| Correctional Institution, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court upon *pro se* Petitioner Calvin Jerome Byrd's ("Petitioner")

Petition for Habeas Corpus relief pursuant to 28 U.S.C. § 2254, which was filed on August 14, 2007.

On January 30, 2008, the Attorney General of the State of South Carolina filed a Motion for

Summary Judgment urging the court to dismiss Petitioner's Motion.  On June 30, 2008, United

States Magistrate Judge Joseph R. McCrorey entered a Report & Recommendation ("R&R")

recommending to this court that Petitioner's Petition be dismissed because it was filed in this court

after the applicable statute of limitations had expired, and, in the alternative, that the four grounds

for which Petitioner was seeking relief were without merit.  Petitioner filed timely Objections to the

R&R on July 11, stating that the Petition had been filed within the applicable statute of limitations,

and that the Magistrate Judge erred in finding his claims to be devoid of legal merit.  For the

following reasons, the court hereby grants Respondent's Motion for Summary Judgment and

dismisses Byrd's habeas petition.

**BACKGROUND**

Petitioner was arrested by Lexington Police Department after selling crack cocaine to a

confidential informant.  The transaction was videotaped and audiotaped by police.  Petitioner was

tried for distribution of crack cocaine, and was found guilty on March 17, 1999.

Petitioner filed a direct appeal of the guilty verdict to the South Carolina Court of Appeals, raising two issues: (1) Petitioner claimed that the cooperating informant's in-court identification was unconstitutional, because Petitioner alleged that police had given him unfairly suggestive information prior to the identification; and (2) Petitioner claimed that the prosecution gave a pretextual reason for excluding a particular juror when the real motivation had been the juror's race. This conviction was affirmed by the South Carolina Court of Appeals on September 20, 2000, and was not appealed by Petitioner to the Supreme Court of South Carolina.

Petitioner next filed an application for post-conviction relief ("PCR"), on November 1, 2000. An evidentiary hearing was held on February 14, 2002, on this claim, at which Petitioner appeared, testified, and was represented by counsel. On May 7, the PCR court dismissed Petitioner's claim. Petitioner petitioned the Supreme Court of South Carolina for a writ of certiorari on the issue of whether his trial counsel had been ineffective for not requesting a jury charge on the lesser included offense of simple possession of crack cocaine. On April 24, 2003, Petitioner's petition for certiorari was denied.

On September 17, 2003, Petitioner filed a second claim for PCR. On October 15, 2005, he was again given an evidentiary hearing before a PCR judge. Petitioner, again represented by counsel, asserted that the indictment had been defective, and that for this reason, the trial court never should have had jurisdiction over him. The PCR court held that Petitioner's application for relief was successive and untimely, and that furthermore, the indictment was valid, so his claim also lacked substantive merit. Petitioner again petitioned the Supreme Court of South Carolina for a writ of certiorari, which was denied on July 3, 2007. On August 14, Petitioner filed his Petition for

habeas relief under § 2254 with this court, alleging four grounds for relief:

> (1) The identification procedure was unnecessarily suggestive and conducive to irreparable mistaken identification, violating due process of law;

> (2) The court erred when it accepted the solicitor's explanation for striking juror 138, because the strike was pretextual and violated *Batson v. Kentucky*;

> (3) Defense counsel was ineffective in failing to request a jury charge on the lesser included offense of simple possession of crack cocaine;

> (4) Trial counsel was ineffective for failing to move to quash defective indictments.

Pursuant to 28 U.S.C. § 636(1)(B), Petitioner's case was automatically referred to a United States Magistrate Judge, who issued the R&R on June 30, 2008. The R&R recommended to this court that Respondents' Motion for Summary Judgment be granted and Petitioner's claim be dismissed because it had not been filed within the statute of limitations. In the event that this court did consider Petitioner's substantive allegations, the R&R addressed the merits of each of Petitioner's four grounds for relief, and found that all of them failed as a matter of law.

## STANDARD OF REVIEW

## I.    The Magistrate Judge's R&R

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 269 (1976). The Court reviews *de novo* those portions of the R&R to which a specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1)(C). As to those portions of the Report for which no such specific written objections are made, the Court "need not conduct a *de novo* review, but must instead only satisfy itself that there is no clear error on the face of the record in order to accept the

recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). After a review of the entire record, the R&R, Petitioner's Petition and his Objections, the Court finds the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the Court adopts the R&R and fully incorporates it into this Order.

## II.     Motion for Summary Judgment

To grant a motion for summary judgment, this court must find that "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). The judge is not to weigh the evidence, but rather to determine if there is a genuine issue of fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). If no material factual disputes remain, then summary judgment should be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party bears the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). All evidence should be viewed in the light most favorable to the non-moving party. *See Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990).

<u>**ANALYSIS**</u>

As the Magistrate Judge correctly noted, 28 U.S.C. § 2244(d)(1), as amended in 1996 by AEDPA, provides that a one-year period of limitation applies to an application for "a writ of habeas corpus by a person in custody pursuant to the judgment of a state court." "Congress enacted AEDPA to reduce delays in the execution of state and federal criminal sentences, particularly in capital cases . . . and to further the principles of comity, finality, and federalism." *Woodford v. Garceau,* 538 U.S. 202 (2003) (internal citations and quotation marks omitted). A petitioner is generally required to file the habeas petition within one year of learning the factual predicate to support his claim for habeas relief.

4

However, the statute of limitations is generally tolled while a petitioner is seeking relief on those claims in state proceedings. *Taylor v. Lee,* 186 F.3d 557, 561 (4th Cir. 1999) ("[U]nder § 2244(d)(2) the entire period of state post-conviction proceedings, from initial filing to final disposition by the highest state court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review), is tolled from the limitations period for federal habeas corpus petitioners."). A new one-year limitation period is *not* initiated upon exhaustion of state remedies; rather, the original one-year limitation period which was tolled during the pendency of the state proceedings *recommences* upon the final disposition by the highest state court.

In order to qualify for the tolling provisions of § 2244(d)(2), any collateral proceeding must be properly filed in accordance with state law. *See Artuz v. Bennett*, 531 U.S. 4, 8 (2000) ("[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee."). "When a post-conviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." *Pace v. DiGulielmo*, 544 U.S. 408, 414 (2005) (quoting *Carey v. Saffold*, 536 U.S. 214, 236 (2002)). When a court is computing the amount of time that transpired between certain court events for the purpose of determining whether or not the statute of limitations on a habeas claim expired under § 2244(d)(2), the court is to use the guidelines contained in Rule 6 of the Federal Rules of Civil Procedure. *Hernandez v. Caldwell*, 225 F.3d 435, 439 (4th Cir. 2000).

The Magistrate Judge engaged in a thorough, event-by-event recitation of the legal history

of this case for purposes of determining whether the statute of limitations expired on Petitioner's

claim:

> Byrd's conviction became final on October 6, 2000. The South Carolina Court of
> Appeals affirmed his conviction on September 20, 2000. He did not seek review by
> the South Carolina Supreme Court within the time prescribed under state procedure,
> and the Remittitur was returned on October 6, 2000. Thus, Byrd had until October
> 6, 2001 to file his petition in this court. *Byrd I* was filed on November 1, 2000, and
> the statute of limitations was tolled until its final resolution when the Remittitur was
> returned by the South Carolina Supreme Court on May 13, 2003. At that time,
> twenty-three days of untolled time had passed, and Byrd had another three hundred
> and forty two (342) days, i.e., until April 20, 2004, to file his petition. It was not
> filed until August 14, 2007.

(R&R at 7.) However, on September 17, 2003, Petitioner filed his second petition for PCR. At this

point, an additional one hundred twenty-four (124) days of untolled time had passed. Petitioner

received his Remittitur on this action on July 19, 2007. He filed his Petition for habeas relief under

§ 2254 less than one month later.

The question before the court is whether Petitioner's second PCR petition, which was held

to be successive and untimely by the PCR court, was "properly filed" within the meaning of §

2244(d)(2). Respondents concede that if it was, then the statute of limitations was tolled during this

period, and Petitioner's current claim before this court was timely. This court must decide, then,

whether an untimely and successive PCR petition tolls the statute of limitations under § 2244(d)(2).

The R&R recommended that this court find that the statute of limitations was not tolled by

Petitioner's second PCR petition. (R&R at 8.) In doing so, the Magistrate Judge relied upon this

court's prior decision in *Griffin v. Padula*. 518 F. Supp. 2d 671 (D.S.C. 2007). In his Objections,

Petitioner asserts that when he filed his second petition for PCR on September 17, 2003, he did so

in reliance upon state law at that time, which was subsequently changed with regard to under what

circumstances a defendant could challenge the subject matter jurisdiction of a state court by a 2005

6

decision of the Supreme Court of South Carolina. *State v. Gentry*, 363 S.C. 93, 610 S.E.2d 494 (2005). According to Petitioner, it would be inequitable to rule that his habeas petition was untimely based upon a change in the law which took place after his second PCR petition had been filed.

In so arguing, Petitioner misunderstands the recommendation of the Magistrate Judge. It is true that the *Gentry* decision explicitly changed South Carolina law on the question of whether a defendant could challenge the sufficiency of an indictment for the first time on appeal. While defendants in South Carolina had previously been allowed to challenge the sufficiency of the indictment after they had been convicted at trial, the *Gentry* court wrote that "we now conclusively hold that if an indictment is challenged as insufficient or defective, the defendant must raise that issue before the jury is sworn and not afterwards. 363 S.C. at 101, 610 S.E.2d at 499 (citing S.C. Code Ann. § 17-19-90 (2003)). *See also id.* at 102, 500 ("A challenge to the indictment on the ground of insufficiency must be made before the jury is sworn as provided by § 17-19-90."). So while Petitioner's petition for PCR on the grounds that the indictment was insufficient was not procedurally barred at the time he filed the petition, it had clearly become so by the time his petition was finally adjudicated.

However, the issue of whether Petitioner was allowed to challenge the sufficiency of his indictment for the first time on appeal is wholly irrelevant to the question currently before this court. For the purpose of determining whether the statute of limitations were tolled, what is relevant is that the question of whether a defective indictment deprives a court of subject matter jurisdiction is purely a question of state law, and has no federal constitutional implications. Whether a state court has subject matter jurisdiction over an offense is a question of state law. *U.S. ex. rel. Flowers v. Rundle*, 314 F. Supp. 793, 794 (E.D. Pa. 1970). "A federal court may not issue the writ [of habeas

corpus] on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984).

Accordingly, the question of whether the sufficiency of the indictment deprived the state trial court

of subject matter jurisdiction had no implications at all for a potential § 2254 proceeding, as even

if the PCR claim on the matter had been wrongly decided, this court would be unable to grant

Petitioner any sort of relief on that claim.

Since this court is unable to grant habeas relief for allegedly erroneous state court rulings

concerning issues of state courts' subject matter jurisdiction, any state court proceeding challenging

subject matter jurisdiction does not toll § 2244(d)(2)'s statute of limitations.  The purpose of the

doctrine of tolling is to equitably afford habeas petitioners the opportunity to adequately litigate all

possible habeas claims in state court before bringing a § 2254 action in federal court.  Here,

however, where the second PCR proceeding only concerned a matter which could never be the basis

of a § 2254 action, this rationale is simply not present.

The Magistrate Judge cited this court's prior decision in *Griffin*, which is squarely on point.

That case involved a *pro se* habeas petitioner who was seeking relief on several different grounds.

Like Petitioner in the present case, petitioner in that case had filed several petitions for PCR, one

of which only sought relief on grounds that the state trial court lacked subject matter jurisdiction

over his claim.  Also like Petitioner in the present case, petitioner in that case had initially filed his

petition for PCR before the Supreme Court of South Carolina issued its decision in *Gentry*, but that

decision was issued before the case was ultimately resolved.  Since the PCR claim involved a

challenge to the state court's subject matter jurisdiction, this court held that it was irrelevant to a

habeas action, and that the statute of limitations was not tolled by the filing of the PCR petition.

This court wrote:

> Whether a state court has subject matter jurisdiction over an offense is a question of state law.  Thus, this court does not review determinations of state law made by South Carolina courts.  Griffin argues the state court lacked subject matter jurisdiction in an attempt to avoid the time limitations of AEDPA.  However, since "[t]here is no exception under AEDPA for subject matter jurisdiction claims, and petitioner does not assert any facts that would allow his claim to go forward under the limited exceptions to the AEDPA," the court finds that Griffin's habeas petition is untimely and must be dismissed.

*Griffin*, 518 F. Supp. at 677 (citations omitted).  The facts of the present case are materially indistinguishable from the facts in the *Griffin* case.  Petitioner has provided neither a controlling legal authority nor a compelling reason for this court to disregard its prior decision in *Griffin*.  As such, the court sees no reason to overrule or abrogate its previous decision.  Since Petitioner's second PCR only concerned a question of state law which this court was not empowered to review in a § 2254 action, the filing of that PCR petition did not toll the applicable statute of limitations under § 2244(d)(2).  As correctly calculated by the Magistrate Judge, the statute of limitations therefore continued to run until it expired on April 20, 2004.  Petitioner did not file his § 2254 petition with this court until August 14, 2007, over three years after the statute of limitations had expired.  Accordingly, Petitioner's claim for relief under § 2254 was untimely, and Respondents' Motion for Summary Judgment is granted.

Since Petitioner's § 2254 Petition was untimely, the court need not and does not address Petitioner's Objections to the Magistrate Judge's recommendations that his substantive claims also failed as a matter of law.

## <u>CONCLUSION</u>

It is therefore **ORDERED**, for the foregoing reasons, that Respondents' Motion for Summary Judgment is **GRANTED**, and Petitioner Byrd's Petition for relief under 28 U.S.C. § 2254 is **DISMISSED**.

**AND IT IS SO ORDERED**.

PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**September 8, 2008**